IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN HENDERSON, #R40853, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-00529-JPG |
| | ) |
| KIMBERLY BUTLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of Plaintiff's motion for a temporary restraining order ("TRO") and/or preliminary injunction (Doc. 2). Plaintiff filed the motion along with his complaint (Doc. 1) on May 11, 2015. The Court has not yet conducted its preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Because Plaintiff seeks a TRO, however, the Court will immediately consider this request. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The complaint (Doc. 1) and motion (Doc. 2) both focus on events that occurred at Menard Correctional Center ("Menard") in 2013, when Menard officials discovered a cell phone in Plaintiff's cell. Plaintiff was placed in segregation and issued a disciplinary ticket for possession of contraband, but the ticket was expunged after his cellmate admitted to its possession. Even so, Plaintiff remained in segregation for more than a month.

He received a second, false disciplinary ticket for drugs in June 2013. That ticket was also expunged. Still, Plaintiff remained in segregation, with a change in his status from "disciplinary" to "investigative." Plaintiff claims that he has been housed in segregation since 2013, although it is unclear whether his confinement has been continuous or intermittent.

Plaintiff only complains about the conditions in segregation pertain to the conduct of staff. He claims that Menard officials verbally harass him. He claims that, on two occasions, officials temporarily confiscated his identification card in order to harass him. Finally, Plaintiff claims that he faces a "continued threat of injury" (Doc. 2, p. 5).

Plaintiff sues twenty-one known and numerous unknown defendants for retaliation under the First Amendment, cruel and unusual punishment under the Eighth Amendment, and the deprivation of liberty without due process of law under the Fourteenth Amendment. In the motion, Plaintiff seeks a prison transfer to avoid harassment and retaliation by Menard officials (Doc. 2, p. 6). He also seeks the appointment of a hearing investigator to oversee the disciplinary ticket and hearing process at Menard. He asks for a TRO and/or a preliminary injunction.

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. *See* FED. R. CIV. P. 65(b)(2). A TRO may issue only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). This form of relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir.

2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Under the facts presented, Plaintiff's request for a TRO shall be denied. The motion and complaint describe no incidents that demonstrate, or even suggest, that Plaintiff faces a substantial risk of "irreparable injury, loss, or damage" at this time. *See* FED. R. CIV. P. 65(b)(1)(A). His blanket assertion to this effect is unsupported by the allegations in Plaintiff's motion and complaint.

The fact that Plaintiff is housed in segregation does not warrant the issuance of a TRO. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Whether a protected liberty interest is implicated by Plaintiff's confinement depends on whether that confinement "impose[s] an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Even if the Court assumes that Plaintiff has been housed in segregation continuously for the past two years, the conditions that he complains about in segregation do not support his request for a TRO.

Plaintiff generally complains of verbal harassment by prison officials. However, verbal harassment is not actionable. The Court of Appeals for the Seventh Circuit has stated flatly that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a person of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2002). Verbal harassment, without more, does not give rise to a claim and certainly does not warrant the issuance of a TRO.

Plaintiff also fears that he will be issued another false disciplinary ticket. However, this fear is speculative. He does not claim that he recently received one. According to the allegations, the last time this occurred was almost two years ago.

Finally, he complains that prison officials took his identification card on two separate occasions, in order to harass him. The complaint and motion are devoid of allegations suggesting that this conduct caused Plaintiff any actual harm. And the Court cannot conclude that this past conduct now poses a threat of irreparable harm to Plaintiff.

Having found no basis for issuing TRO, that portion of Plaintiff's motion (Doc. 2) seeking a TRO is hereby **DENIED** without prejudice. The Court will hold the request for a preliminary injunction **IN ABEYANCE** at this time. This request, along with the Court's review of the complaint pursuant to 28 U.S.C. § 1915A, shall be addressed in a separate Order in due course.

**IT IS SO ORDERED.**

**DATED: May 19, 2015**  *s/J. Phil Gilbert*
　　　　　　　　　　　　　　　　　　**U.S. District Judge**