IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHAUN HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15 CV 529 MJR/RJD |
| | ) | |
| KIMBERLY BUTLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

**DALY, Magistrate Judge:**

Before the Court is Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies and Plaintiff's Motion for Injunctive Relief. (Docs. 25, 38, 40.) Plaintiff is an inmate at Menard Correctional Center in the custody of the Illinois Department of Corrections. Defendants are employees of the Illinois Department of Corrections. On May 11, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Doc. 1.) On November 5, 2015, the Court screened the complaint, and Plaintiff's remaining claims are as follows:

> **Count 2**: Fourteenth Amendment claim against Defendant Fleming for depriving Plaintiff of a protected liberty interest without due process by placing him in segregation for approximately ninety days in 2014 for a third disciplinary ticket.
>
> **Count 3**: Eighth Amendment claim against Defendants Godinez, Butler, Jones, Payne, Sumner, Hill, and Brookman for subjecting Plaintiff to unconstitutional conditions of confinement in segregation, including soaring temperatures, denial of a fan, issuance of a filthy mattress, resulting rash, and denial of clothing, bedding, hygiene items and cleaning supplies, from May 4, 2013, to July 11, 2013.
>
> **Count 7**: Conspiracy claim against Defendants Anthony and Shoenbeck for issuing Plaintiff a second disciplinary ticket for use of THC in retaliation for Plaintiff's failure to provide them with information regarding cell phones.

**Count 8**: First Amendment claim against Defendants Anthony, Shoenbeck, and Fleming for issuing Plaintiff disciplinary tickets in retaliation for Plaintiff's failure to provide information in a cell phone investigation.

(Doc. 11.)

## MOTION FOR SUMMARY JUDGMENT

On May 19, 2016, Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 25.) On June 17, 2016, Plaintiff responded that he had properly submitted several grievances but had never received a response. (Doc. 30.) On February 2, 2017, the Court held an evidentiary hearing to determine whether the grievance process was available to Plaintiff and whether he had properly completed the grievance process with respect to any grievance. (Doc. 51.)

In support of the motion for summary judgment, Defendants produced several grievances related to Plaintiff's claims, including grievances dated September 1, 2013, and November 9, 2013, which related to the second disciplinary ticket and Plaintiff's time in segregation. Defendants' submissions reflect that the grievances were determined to be untimely and that Plaintiff failed to properly appeal the grievance dated September 1, 2013, to the Administrative Review Board. Defendants also produced a grievance, dated September 3, 2014, which related to the circumstances surrounding the issuance of the third disciplinary ticket. An affidavit from the custodian of records at the Illinois Department of Corrections attests that Plaintiff failed to properly appeal the grievance dated September 3, 2014, to the Administrative Review Board.

At the evidentiary hearing, Plaintiff testified that he submitted several grievances between May 4, 2013, and July 11, 2013, when he was in segregation, placing them in his door for delivery at mail time. Plaintiff testified that those grievances resembled those he submitted in September and November 2013 and that when he followed up on the grievances with a correctional officer, he was told that his grievances had been shredded and thrown away.

Plaintiff conceded that the grievance dated September 3, 2014, did not address the subsequent hearing on the third disciplinary ticket. Additionally, Plaintiff offered no elaboration regarding whether he completed the grievance process with respect to the grievance dated September 3, 2014.

      Considering the evidence before the Court, the undersigned finds as follows:

1. During his time in administrative segregation from May 4, 2013, to July 11, 2013, Plaintiff made efforts to properly complete the grievance process with respect to his complaints regarding the second disciplinary ticket and the conditions of his cell in segregation, but the grievance process was unavailable to him.

2. On September 3, 2014, Plaintiff submitted a grievance regarding the circumstances surrounding the issuance of the third disciplinary ticket.

3. Plaintiff did not appeal the grievance dated September 3, 2014, to the Administrative Review Board.

4. Plaintiff did not submit any grievance regarding the hearing on the third disciplinary ticket.

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first attempt to resolve a complaint informally with his counselor. 20 Ill. Admin. Code § 504.810(a). If the

complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance.  *Id.* § 504.810(b).  The grievance officer is required to advise the chief administrative officer – usually the warden – at the facility in writing of the findings on the grievance.  *Id.* § 504.830(d).  The chief administrative officer advises the inmate of the decision on the grievance within two months of filing.  *Id.* § 504.830(d).  An inmate may appeal the decision of the chief administrative officer in writing within 30 days to the Administrative Review Board for a final decision.  *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006).  An inmate may request that a grievance be handled as an emergency by forwarding it directly to the chief administrative officer.  *Id.* § 504.840.  If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender.  *Id.*  Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.  *Id.* at § 504.870.

      Here, to properly exhaust administrative remedies, Plaintiff was required to submit the grievance to his counselor, the grievance officer, the chief administrative officer, and the Administrative Review Board; allow a reasonable amount of time for a response at each level; and then file the complaint with the Court.  With respect to Plaintiff's claims against Defendant Fleming, Plaintiff did not complete the grievance process nor did he make reasonable attempts to do so.  Therefore, Plaintiff failed to exhaust his administrative remedies prior to filing the

complaint, and it is recommended that Plaintiff's claims against Defendant Fleming be dismissed without prejudice.

However, the undersigned finds that Defendants have not demonstrated that Plaintiff failed to exhaust available remedies for his claims against Defendants Godinez, Butler, Jones, Payne, Sumner, Hill, Brookman, Anthony, and Shoenbeck. "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Plaintiff's testimony and grievances demonstrate that the grievance process was not available during his time in segregation following the second disciplinary ticket, and Defendants have offered no evidence to the contrary. The lack of access to the grievance process prevented Plaintiff from timely submitting grievances related to the second disciplinary ticket and the conditions of his confinement in segregation. Because the grievance process was not available to Plaintiff during his time in segregation, it is recommended that Plaintiff be allowed to proceed on the merits with respect to his claims against Defendants Godinez, Butler, Jones, Payne, Sumner, Hill, Brookman, Anthony, and Shoenbeck.

## MOTION FOR INJUNCTIVE RELIEF

Plaintiff moves for injunctive relief, alleging that he has been subjected to a course of retaliation, including false disciplinary tickets, denial of family visits, being labeled a snitch, tampering with legal documents, being denied a job, and an assault by correctional officers. (Docs. 38, 40.) Plaintiff requests a transfer from Menard Correctional Center and the reinstatement of family visitation rights.

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). "In this circuit, the standards for a TRO and a preliminary injunction are functionally identical." *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082–83 (C.D.Ill.2001). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012); *see also Lake v. Robert*, 2014 WL 3610405, at *1 (S.D. Ill. July 22, 2014); *Jackson v. Welborn*, 2013 WL 1287369, at *3 (S.D. Ill. Mar. 6, 2013).

Plaintiff lists a litany of alleged retaliatory conduct but fails to demonstrate that he will suffer irreparable harm pending his October 2017 trial date and further fails to demonstrate that much of the alleged retaliatory conduct relates to his claims before the Court. Defendants issued the allegedly false disciplinary tickets more than two years ago, and Plaintiff simply has not shown that he will suffer irreparable harm if he is not permitted to visit with family or work a job pending his trial. Additionally, Plaintiff has failed to demonstrate that his complaints regarding family visitation and job bear any relation to his case before the Court.

Although repeated incidents of assaults could result in irreparable harm, the undersigned is unable to conclude that the incidents alleged by Plaintiff are likely to recur. For instance,

Plaintiff testified that the Orange Crush team assaulted him in April 2014 but provides little information for the Court to assess the incident. Plaintiff also testified regarding an assault by a personal property officer in July 2016. However, Plaintiff offers nothing to suggest that similar assaults occurred during the eight months that followed or that similar assaults are likely to occur pending trial. Even when fully crediting Plaintiff's testimony, the undersigned cannot conclude that a transfer from Menard Correctional Center is warranted based on these isolated incidents.

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Injunctive Relief be denied.

### **RECOMMENDATIONS**

For the foregoing reasons, it is hereby RECOMMENDED that Defendants' Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies (Doc. 25) be GRANTED in part and DENIED in part. Plaintiff's claims against Defendant Christopher Fleming should be DISMISSED without prejudice but Plaintiff's claims against Defendants Godinez, Butler, Jones, Payne, Sumner, Hill, Brookman, Anthony, and Shoenbeck should be allowed to proceed on the merits. It is further RECOMMENDED that Plaintiff's Motion for Injunctive Relief (Docs. 38, 40) be DENIED.

SO RECOMMENDED.

DATED: **February 22, 2017**     s/    *Reona J. Daly*
                                  UNITED STATES MAGISTRATE JUDGE