IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:15 CV 529 MJR/RJD |
| ) | |
| KIMBERLY BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff Shaun Henderson's Motion to Reconsider the Denial of Appointment of Counsel.  (Doc. 57.)  Plaintiff is an inmate at Menard Correctional Center in the custody of the Illinois Department of Corrections.  Defendants are employees of the Illinois Department of Corrections.  On May 11, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  (Doc. 1.)  Following the resolution of the exhaustion of administrative remedies issue, Plaintiff's remaining claims are as follows:

> **Count 3**:   Eighth Amendment claim against Defendants Godinez, Butler, Jones, Payne, Sumner, Hill, and Brookman for subjecting Plaintiff to unconstitutional conditions of confinement in segregation, including soaring temperatures, denial of a fan, issuance of a filthy mattress, resulting rash, and denial of clothing, bedding, hygiene items and cleaning supplies, from May 4, 2013, to July 11, 2013.
>
> **Count 7**:   Conspiracy claim against Defendants Anthony and Shoenbeck for issuing Plaintiff a second disciplinary ticket for use of THC in retaliation for Plaintiff's failure to provide them with information regarding cell phones.
>
> **Count 8**:   First Amendment claim against Defendants Anthony and Shoenbeck for issuing Plaintiff disciplinary tickets in retaliation for Plaintiff's failure to provide information in a cell phone investigation.

(Docs. 11, 55.)

On March 10, 2017, Plaintiff moved for the appointment of counsel, stating that another inmate had assisted him with his legal filings to date and that he needed appointed counsel because that inmate would no longer assist him. (Doc. 54.) On March 15, 2017, the Court denied the motion after considering Plaintiff's remaining claims and observing that "Plaintiff's pleadings to date demonstrate an ability to articulate clearly and effectively and an understanding of the law." (Doc. 56.)

On March 24, 2017, Plaintiff filed the instant motion, requesting that the Court reconsider the motion to appoint counsel. Plaintiff suggests that the Court denied the motion for appointment of counsel under the erroneous impression that Plaintiff personally drafted and researched his prior pleadings. "[A]n indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel." *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In assessing a plaintiff's ability to litigate, "the question is not whether a lawyer would present the case more effectively than the pro se plaintiff," but "whether the difficult of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655.

The Court clarifies that it did not overlook any allegations in the motion to appoint counsel when issuing the prior decision. Upon review of the complaint, Plaintiff's remaining claims of retaliation and unconstitutional conditions of confinement are not factually complex. Rather, the complaint suggests that Plaintiff has personal knowledge of relevant facts, and the

detailed allegations reflect his ability to effectively communicate the facts of the case, whether verbally or otherwise.  Moreover, Plaintiff has not alleged that he lacks the ability to read or write.  Indeed, Plaintiff's signature on court filings, which suggests Plaintiff's comprehension of the substance of his filings, and the correspondence to attorneys seeking representation, which Plaintiff appears to have written on his own, indicate that Plaintiff's ability to read and write is sufficient for purposes of litigating this case.  Additionally, Plaintiff's testimony at the recent evidentiary hearing demonstrates an adequate understanding of the reasonably complex legal issue of whether he exhausted administrative remedies and further demonstrates the ability to understand the legal issues relevant to his remaining claims.

Based on the foregoing, the Court finds that Plaintiff has the ability to litigate this case.  Accordingly, Plaintiff's Motion to Reconsider the Denial of Appointment of Counsel (Doc. 57) is DENIED.

**SO ORDERED.**

**DATED:    March 29, 2017.**               *s/     Reona J. Daly*
                                            **UNITED STATES MAGISTRATE JUDGE**