IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAUN HENDERSON,	)
	)
    Plaintiff,	)
	)
v.	)    Case No. 15-529-RJD
	)
KIMBERLY BUTLER, et al.,	)
	)
    Defendants.	)
	)

**ORDER**

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 113, 114, 123, 125). The Court has reviewed the motions, and any responses thereto, and sets forth its rulings as follows:

**Plaintiff Shaun Henderson's Motions in Limine (Docs. 114, 123)**

1. Plaintiff seeks to exclude evidence relating to his criminal history giving rise to his confinement at Menard arguing any such evidence is unduly prejudicial and not relevant to any claim at issue. Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of Plaintiff's prior convictions under Rule 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purpose of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of felonies and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff is incarcerated.

2. Plaintiff seeks to bar reference to Plaintiff's disciplinary ticket issued in September 2014 for unauthorized movement and the discipline connected therewith, arguing such evidence would be unduly prejudicial and not relevant to any issue in this matter. Defendants indicate they do not intend to offer evidence of Plaintiff's disciplinary ticket issued in September 2014 because it is outside of the relevant timeframe in which Plaintiff was placed in investigatory status. The Court **GRANTS** Plaintiff's motion to bar evidence of Plaintiff's disciplinary ticket issued in September 2014 unless Plaintiff opens the door on the topic.

3. Plaintiff seeks to bar reference to the financial condition of the State of Illinois and whether there is any insurance monies available to pay any judgment which may be issued, arguing such reference would be unduly prejudicial and not relevant to any pending issue. Defendants have no objection. Plaintiff's motion is **GRANTED**. Defendants shall be barred from referencing the financial condition of the State of Illinois.

4. Plaintiff seeks to bar reference to any individual Defendant's ability to pay a judgment, financial condition, salary, or financial status, arguing any such reference would be unduly prejudicial and not relevant to any issue in this matter. Defendants have no objection. Plaintiff's

motion is **GRANTED**.   Defendants shall be barred from referencing any individual Defendant's financial status.

5.  Plaintiff seeks to bar any statement to the jury that justifies or explains a Defendant's absence at trial, arguing any explanation would be hearsay and not based on any evidence which would be properly admissible at trial.   At this time, Defendants are not certain whether this will be an issue.   Counsel for Defendants asserts that if a Defendant is not present for the entire trial Defendants would not likely ask for justification as to that point, depending on the circumstances; however, in the case of an emergency (i.e. car accident) that precluded a Defendant's presence for a portion of the trial, defense counsel would request a brief explanation for such an absence.   This issue is **TAKEN UNDER ADVISEMENT**.

6.  Plaintiff seeks to bar any reference to the disciplinary history of any witness called by Plaintiff including any reference to disciplinary tickets and punishments given for such disciplinary infractions, arguing any such evidence would be unduly prejudicial and not relevant to any claim at issue.   Defendants are not certain exactly what discipline of his witnesses Plaintiff seeks to exclude.   Defendants agree that some disciplinary documents related to the investigation at issue in this case are not directly relevant to Plaintiff's claims at issue.   Defendants do not intend to discuss discipline that is not relevant to this case or not otherwise admissible under Rule 608(b), which allows cross-examination on specific instances of untruthful conduct.   The Court **GRANTS** Plaintiff's motion to bar reference to the disciplinary history of Plaintiff's witnesses.

7.  Plaintiff seeks to bar any reference to the criminal history of any witness called by Plaintiff including the criminal history giving rise to confinement at Menard, arguing any such evidence is unduly prejudicial and not relevant to any claim at issue in this matter.   Defendants oppose Plaintiff's motion, asserting they intend to offer evidence of the prior convictions of Plaintiff's

witnesses under Rule 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purpose of attacking a witness's character for truthfulness. This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his witnesses' criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff's witnesses have been convicted of felonies and are incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crimes for which Plaintiff's witnesses are incarcerated.

8. Plaintiff seeks to bar any reference to any investigation conducted by Defendants regarding the incident referenced in Plaintiff's Complaint as well as any disciplinary matter because no initial disclosures were made regarding the investigation under Rule 26 and it was not produced when Plaintiff requested it during discovery. Defense counsel does not dispute that the investigation was disclosed to Plaintiff after discovery closed in this matter. Defendants argue no initial disclosures were required under Rule 26, as an action filed by prisoner *pro se* is exempt from the disclosure requirement pursuant to Rule 26(a)(1)(B)(iv) and disclosure was not ordered in the case. Defendants argue the investigation is relevant to the determination on the merits of the case. The investigation at issue concerns the impetus of the events at issue here: the investigation into the

cellphone contraband issue. Defendants assert that although the cellphone investigation is not actually at issue in the case, Plaintiff alleges that his refusal to speak to investigators led to retaliatory conduct and unwarranted placement in segregation on investigative status. Defendants would use the investigation to show that there was justification to place Plaintiff in segregation on investigative status with regard to his implicated involvement with the contraband. Defendants argue the investigation would also show that Plaintiff was not targeted but was suspected based on information uncovered throughout the investigation. The investigation ultimately revealed that a correctional officer was involved, and the officer was eventually discharged and criminally prosecuted. Defendants assert the need to keep Plaintiff on investigative status during the pendency of the investigation was warranted. Defendants oppose any bar to referencing the investigation conducted by Defendants.

No initial disclosures were required under Rule 26. Plaintiff was aware that an investigation was conducted because he was interviewed during the course of the investigation. Plaintiff is not prejudiced by the disclosure of the investigation after the close of discovery. Therefore, Plaintiff's motion in limine to bar any reference to the investigation is **DENIED**. Specific objections as to documents included with the Investigation Report Number C13-MEN-344 are **TAKEN UNDER ADVISEMENT.**

### Defendants' Motions in Limine (Doc. 113, 125)

1. Defendants seek to prohibit Plaintiff from offering evidence or testimony, or otherwise suggesting, that the State of Illinois may indemnify the Defendants. Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

2. Defendants seek to prohibit Plaintiff from offering evidence or testimony of other lawsuits

involving any of the Defendants. Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from offering evidence or testimony of other lawsuits involving any of the Defendants.

3. Defendants seek to prohibit Plaintiff from referencing claims unrelated to the claims proceeding to trial, including those already dismissed by this Court. Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from referencing claims unrelated to the claims proceeding to trial.

4. Defendants seek to prohibit Plaintiff from making any "golden rule" appeal. Plaintiff Plaintiff does not object to this motion. Defendants' motion is **GRANTED**. Plaintiff shall be barred from setting forth any argument or testimony that the jury place itself in Plaintiff's position or engage in a hypothetical wherein the jurors are asked to place themselves in Plaintiff's position.

**IT IS SO ORDERED.**

**DATED:** December 20, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**